IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CrossCountry Freight Solutions, Inc.,<br><br>           Plaintiff,<br><br>vs.<br><br>JW Logistics Operations, LLC<br>a/k/a JW Logistics LLC,<br><br>           Defendant. | Case No. 1:24-cv-00055 |

ORDER TO AMEND COMPLAINT AND
FILE DEFENDANT'S CORPORATE DISCLOSURE STATEMENT

[¶1]    THIS MATTER comes before the Court *sua sponte* regarding the citizenship the Defendant, JW Logistics Operations, LLC, a/k/a JW Logistics LLC ("JW Logistics"). See Mt. Healthy City Sch. Dist. Bd. Of Educ. V. Doyle, 429 U.S. 274, 278 (1977) (noting federal courts have a duty to consider, *sua sponte*, whether they have subject matter jurisdiction over the controversy before allowing the case to continue).

[¶2]    The Complaint asserts diversity jurisdiction under 28 U.S.C. § 1332. Doc. No. 1, ¶ 4. The Complaint alleges JW Logistics has one member, Jim Wicker, who "is an individual resident of the State of Texas." Id. JW Logisitics filed an Answer on May 7, 2024 (Doc. No. 7), but did not simultaneously file the required Rule 7.1 Corporate Disclosure Statement. See Fed. R. Civ. P. 7.1. The Answer does not provide any information as to Jim Wicker's citizenship. See Doc. No. 7.

[¶3]    While it may seem a trifle, the Complaint does not allege the state of citizenship of Jim Wicker. Rather, the Complaint only provides a state of Jim Wicker's residence, which is different from citizenship. Hargett v. RevClaims, LLC, 854 F.3d 962, 965 (8th Cir. 2017) ([T]he term

'citizen' in 28 U.S.C. § 1332 has long meant something different from resident."). This is because "citizenship requires permanence" while "[r]esidency is a more fluid concept." Id. "Unlike citizenship, residency does not require an intent to make a place a home." Id. An individual could be a resident of multiple states, whereas they could only be a citizen of one state. Id. The record does not reflect the state of citizenship of Jim Wicker, only his residency.

[¶4]    The Complaint, however, is not the only gaffe in this regard. In diversity jurisdiction cases, Rule 7.1 of the Federal Rules of Civil Procedure requires each party to "file a disclosure statement." Fed. R. Civ. P. 7.1(a)(2). "The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor" at the time the complaint is filed or another later event that may affect subject matter jurisdiction. Id. This statement must be filed when the party makes "its first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1). This does not relieve a plaintiff from its "obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction." Committee Notes on Rules—2022 Amendment, Fed. R. Civ. P. 7.1. Defendant JW Logistics has not filed any corporate disclosure statement.

[¶5]    The Complaint does not plead the citizenship of Defendant JW Logistics' only member, Jim Wicker. Because the Plaintiff must plead citizenship, the Plaintiff is **ORDERED** to file an Amended Complaint by **June 17, 2024**, setting forth the citizenship of Defendant JW Logistics' only member, Jim Wicker.

[¶6]    In addition, Defendant JW Logistics is **ORDERED** to file a Corporate Disclosure Statement by **June 17, 2024**, to include the information required by Rule 7.1 of the Federal Rules of Civil Procedure.

[¶7]   Failure to provide the required citizenship information may result in the Complaint being dismissed for lack of subject matter jurisdiction.

[¶8]   **IT IS SO ORDERED.**

DATED June 3, 2024.

Daniel M. Traynor, District Judge
United States District Court