IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CrossCountry Freight Solutions, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> JW Logistics Operations, LLC <br> a/k/a JW Logistics LLC, <br><br> Defendant. | Case No. 1:24-cv-00055 |

ORDER TO AMEND CORPORATE DISCLOSURE STATEMENT

[¶1]    THIS MATTER comes before the Court after the Defendant, JW Logistics Operations, LLC a/k/a JW Logistics LLC filed its Corporate Disclosure Statement ("CDS") as previously ordered by the Court. Doc. No. 15. The CDS only states "JW Logistics, LLC, is the parent of wholly owned JW Logistics Operations, LLC." Doc. No. 15, ¶ 1(a)(i). This fails to provide the name and citizenship of every person or entity whose citizenship is attributable to the Defendant. See Fed. R. Civ. P. 7.1(a)(2).

[¶2]    An LLC's citizenship is the same as that of each of its members. GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("Holding an LLC's citizenship is that of its members for diversity jurisdiction purposes, we are unable, form this record, to determine the citizenship of GMAC's members."). When a member of an LLC is yet another LLC, the layers must be peeled back until the citizenship of a natural person or corporation is determined. See Torie Bauer v. Equinor Energy LP, 2023 WL 9595357, *1 (D.N.D. June 27, 2023) (quoting Niemann v. Carlsen, 2023 WL 22038 at *1 (E.D. Mo. Jan. 3, 2023) ("[I]f any member is itself a

partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person")).

[¶3]    Rule 7.1 provides in relevant part:

>    **(a) Who Must File; Contents.**
>
>    \*    \*    \*
>
>    **(2) Parties or Intervenors in a Diversity Case.** In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor:
>
>    >    **(A)** when the action is filed in or removed to federal court, and
>    >    **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1.

[¶4]    Here, the CDS has not identified the citizenship of "every individual or entity whose citizenship is attributed to that party." Rule 7.1 obliges the Defendant to provide the citizenship information relating to JW Logistics, LLC because it is a member whose citizenship is attributable to JW Logistics Operations, LLC. The CDS has only explained JW Logistics Operations, LLC is wholly owned by JW Logistics, LLC. The CDS lacks any information regarding the citizenship of the member or members of JW Logistics Operations, LLC.

[¶5]    This may seem trivial to the Defendant, but the Court's jurisdiction hinges on the Defendants' citizenship. Without a sufficient record, pled first by the Complaint and confirmed or supplemented by the Defendant's CDS, the Court is without a basis to conclude it has jurisdiction under 28 U.S.C. § 1332. This sort of mistake may be fatal to allowing this case to proceed in federal court.

[¶6] Accordingly, it is **ORDERED** that the Defendant file an amended CDS by **June 17, 2024** to adequately reflect the citizenship of the Defendant, JW Logistics Operations, LLC a/k/a JW Logistics LLC

[¶7] **IT IS SO ORDERED.**

DATED June 11, 2024.

Daniel M. Traynor, District Judge
United States District Court